# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| RONALD A., | ) |
| | ) |
|       Plaintiff | ) |
| | ) |
| v. | )    No. 2:20-cv-00210-JDL |
| | ) |
| ANDREW M. SAUL, | ) |
| Commissioner of Social Security, | ) |
| | ) |
|       Defendant | ) |

## REPORT AND RECOMMENDED DECISION[1]

This Social Security Disability (SSD) appeal raises the question of whether the administrative law judge (ALJ) supportably found the plaintiff capable of performing past relevant work as a motor vehicle dispatcher. The plaintiff seeks remand on the basis that the ALJ erred in determining that he performed that job long enough for it to constitute past relevant work. *See* Plaintiff's Itemized Statement of Errors ("Statement of Errors") (ECF No. 15) at 3-9. I find no reversible error and, accordingly, recommend that the court affirm the commissioner's decision.

Pursuant to the commissioner's sequential evaluation process, 20 C.F.R. § 404.1520; *Goodermote v. Sec'y of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the ALJ found, in relevant part, that the plaintiff met the insured status requirements of the Social Security Act through December 31, 2016, Finding 1, Record at 18; that, through his date last insured (DLI), he had the severe impairment of degenerative joint disease of the left thumb, Finding 3, *id.*; that,

---

[1] This action is properly brought under 42 U.S.C. § 405(g). The commissioner has admitted that the plaintiff has exhausted his administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2), which requires the plaintiff to file an itemized statement of the specific errors upon which he seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office, and the commissioner to file a written opposition to the itemized statement. Oral argument was held before me pursuant to Local Rule 16.3(a)(2)(D), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

through his DLI, he had the residual functional capacity (RFC) to perform light work as defined in 20 C.F.R. § 404.1567(b), except that in an eight-hour workday, he could occasionally push and pull up to 10 pounds with his left (non-dominant) upper extremity, occasionally use hand controls with that extremity, and occasionally handle and finger with that extremity, could occasionally climb, stoop, kneel, crouch, and crawl, and could never use vibrating tools or dangerous, moving machinery, Finding 5, *id.*; that, through his DLI, he retained the capacity to perform past relevant work as a dispatcher/motor vehicle, *Dictionary of Occupational Titles* (U.S. Dep't of Labor 4th ed., rev. 1991) (*DOT*) § 249.167-014, which did not require the performance of work-related activities precluded by his RFC, Finding 6, *id*. at 21; and that he, therefore, had not been disabled from May 12, 2016, the day after the issuance of a prior ALJ decision, through December 31, 2016, his DLI, Finding 11, *id*. The Appeals Council declined to review the decision, *id*. at 1-3, making the decision the final determination of the commissioner, 20 C.F.R. § 404.981; *Dupuis v. Sec'y of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. § 405(g); *Manso-Pizarro v. Sec'y of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Sec'y of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The ALJ reached Step 4 of the sequential evaluation process, at which stage the claimant bears the burden of proving inability to return to past relevant work. 20 C.F.R. § 404.1520(f); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). At this step, the commissioner must make findings of the plaintiff's RFC and the physical and mental demands of past work and determine

whether the plaintiff's RFC would permit performance of that work. 20 C.F.R. § 404.1520(f); Social Security Ruling 82-62 ("SSR 82-62"), reprinted in *West's Social Security Reporting Service Rulings 1975-1982*, at 813.

### I. Discussion

A claimant is not disabled if he retains the capacity to perform past relevant work. *See* 20 C.F.R. § 404.1520(a)(4)(iv). "Past relevant work is work that [a claimant] ha[s] done within the past 15 years, that was substantial gainful activity, and that lasted long enough for [the claimant] to learn to do it." *Id.* § 404.1560(b)(1). "[I]t is the claimant, not the [commissioner] (or ALJ), who has the burden of proving inability to perform [his or] her former type of work." *Gray v. Heckler*, 760 F.2d 369, 372 (1st Cir. 1985). "That burden necessarily includes an obligation to produce evidence on that issue." *Id*.

In decisions dated November 9, 2017, and April 2, 2018, denying the plaintiff's claim on both initial review and reconsideration, Disability Determination Services (DDS) deemed him capable of performing past relevant work as a "telephone rep[resentative,]" corresponding to the job of Dispatcher, Motor Vehicle, *DOT* § 249.167-014, 1991 WL 672312, a sedentary job with a Specific Vocational Preparation (SVP) level of 5. *See* Record at 89-90, 101-03. Jobs with an SVP level of 5 are defined as requiring "[o]ver 6 months up to and including 1 year" to learn. *DOT* § 249.167-014, 1991 WL 672312.

> On November 7, 2018, the plaintiff's counsel wrote to the ALJ:
>
> It is my view in this case that there are no jobs that qualify as past relevant work within the meaning of the regulations at step 4 of the sequential evaluation process within the last 15 years. I must therefore object to consideration of any past work as relevant work within the meaning of the regulation at step 4.
>
> I will be happy to discuss this matter with you at the hearing if you wish. If we do not discuss it at the hearing, I will assume that this written objection is sufficient to meet our obligation to object to an inappropriate consideration of past relevant work to the extent that a specific objection may be required by the case law.

Record at 276. The plaintiff's counsel also submitted a pre-hearing brief to the ALJ dated November 26, 2018, which he supplemented on February 26, 2019. *See id*. at 277-81, 285-87. He interposed no objection in either letter brief to the characterization of the plaintiff's motor vehicle dispatcher job as past relevant work. *See id*.

At the plaintiff's March 5, 2019, hearing, the ALJ asked him about "one job that you had as a telephone rep to send tow truck drivers to assist stranded motorists[.]" *Id*. at 72. The plaintiff testified that "[i]t was basically like AAA" and that "people would call depending on what shift I was working they would call if their car broke down[,] . . . if they went off the road, if they got into an accident[,] . . . and we would decide if they needed a tow truck, a jump, and we would then call the tow company and dispatch a call to go get the customer." *Id*.

The ALJ asked the vocational expert (VE) present at hearing to classify the plaintiff's prior work, including "the dispatcher job[.]" *Id*. at 74. The VE initially described that job as a "[d]ispatcher agent [sic] services[,]" *DOT* § 239.367-014, with an SVP level of 3. *Id*. Jobs with an SVP level of 3 are defined as requiring "[o]ver 1 month up to and including 3 months" to learn. *DOT* § 239.367-014 (Dispatcher, Maintenance Service), 1991 WL 672225. However, the ALJ later told the VE that she "wanted to ask specifically about the dispatcher job because that is what DDS determined [the plaintiff] was still able to do." Record at 75-76. She accurately noted that DDS had classified that job as *DOT* § 249.167-041, inquiring whether that was the correct classification for that job as the plaintiff had just described it. *See id*. at 76. The VE agreed that it was. *See id*. at 77. He testified that an individual with the hypothetical profile provided by the ALJ could perform that job as it is generally performed in the national economy, and that his testimony was consistent with the *DOT*. *See id*. He did not testify about the SVP level of that job, nor was he asked to do so by either the ALJ or the plaintiff's counsel. *See id*. at 77-80.

The plaintiff's counsel sought and received permission to file a post-hearing brief. *See id*. at 80. That brief, dated March 12, 2019, raised no issue concerning whether the plaintiff's motor vehicle dispatcher job qualified as past relevant work. *See id*. at 294.

The ALJ found at Step 4 that, through the plaintiff's DLI, he retained the ability to perform past relevant work as a dispatcher/motor vehicle, *DOT* § 249.167-014, which she erroneously described as having an SVP level of 3, both as he actually performed it and as it is generally performed. *See* Finding 6, *id*. at 21. She explained, in relevant part, that the plaintiff had "performed [that job] long enough . . . to achieve average performance[.]" *Id*. at 21.

The plaintiff takes issue with that finding on appeal to this court, arguing that he did not, in fact, perform that SVP level 5 job long enough to learn it. *See* Statement of Errors at 4-9. He points to his 2012 Work History Report indicating that he performed the job from August 2009 to January 2010 – a period of "less than six months" – and to records reflecting earnings of $6,114.34 in 2009 and $1,104.75 in 2010 from the job at issue, which he calculates equate to 611.4 hours at $10 per hour in 2009 and 110.5 hours at the same pay rate in 2010, totaling only 18.1 weeks. *Id*. at 6-7; Record at 236-37, 288, 290. He asserts that the ALJ failed to recognize, let alone resolve, the conflict, warranting remand. *See* Statement of Errors at 7-9.

As the commissioner persuasively argues, *see* Defendant's Opposition to Plaintiff's Statement of Errors ("Opposition") (ECF No. 19) at 1-10, the plaintiff's bid for remand founders for two independent reasons: that he failed to query the VE at hearing regarding this asserted conflict or otherwise call it to the ALJ's attention and, in any event, he falls short of demonstrating reversible error in the ALJ's finding that he retained the capacity to perform the motor vehicle dispatcher job.

In *Baker v. Soc. Sec. Admin. Comm'r*, No. 1:10-cv-00167-JAW, 2011 WL 1296894 (D. Me. Mar. 31, 2011) (rec. dec., *aff'd* Apr. 19, 2011), a claimant sought remand on the basis, *inter alia*, that the ALJ had omitted from both his RFC determination and hypothetical questions posed to a VE an asserted "two-hour block restriction" derived from a finding by an agency nonexamining consultant, Dr. Lester, that the claimant could sustain two-hour blocks at simple tasks over a normal workday/workweek. *Baker*, 2011 WL 1296894, at *4-5 (citation and internal quotation marks omitted). This court held that point waived for failure to raise or develop it before the ALJ, explaining:

> [The claimant] had the assistance of an attorney at his hearing. The [ALJ] permitted counsel to question the [VE] and counsel was an active participant at the hearing. Presumably, counsel was as familiar with the record as the [ALJ], yet counsel never suggested that Dr. Lester's description of a capacity to sustain concentration and attention over two-hour blocks might meaningfully erode the unskilled work base or preclude any of the occupations discussed by the [VE] at the hearing. There is an expectation that counsel will explore these concerns with the [VE] at the hearing, not leave such matters to technical challenges before the courts.
>
> ***
>
> If the social security plaintiffs' bar wishes to elevate a two-hour block notation into a remand-worthy medical finding, it should develop [VE] testimony to establish the materiality of such a notation and make that position clear to the [ALJ]. In this case, hearing counsel let the issue pass.

*Id*. at *5-6.

In this case, as well, the plaintiff's counsel presumably was as familiar with the record as the ALJ. Yet, counsel did not call this issue to the ALJ's attention or explore it with the VE at hearing. At oral argument, the plaintiff's counsel asserted that the issue, nonetheless, was preserved by counsel's November 7, 2018, letter to the ALJ objecting to the classification of any work as past relevant work. She contended that, in any event, counsel could not have been

expected to argue this point at hearing because the VE did not identify the motor vehicle dispatcher job as an SVP level 5 job.

These arguments are unavailing. The November 7, 2018, letter did not preserve the issue: nothing therein placed the ALJ on notice that the plaintiff objected to the classification of the motor vehicle dispatcher job as past relevant work on the basis that he did not perform that job long enough to learn it. *See* Record at 276. And, while the VE did not mention the SVP level of the motor vehicle dispatcher job, DDS had listed that job's SVP level in relying on it both initially and on reconsideration, and nothing prevented the plaintiff's counsel from questioning the VE at hearing concerning its SVP level or raising the point in his post-hearing brief.

Alternatively, even had the plaintiff not waived the point, he fails to demonstrate reversible error in the ALJ's determination that the motor vehicle dispatcher job constituted past relevant work.[2] As the commissioner observes, *see* Opposition at 6-9, the question of whether a claimant can perform a job at a certain SVP level is more nuanced than whether he has performed that particular job for a certain period of time. Critically, while SVP "is defined as the amount of lapsed time required by a typical worker to learn the techniques, acquire the information, and develop the facility needed for average performance in a specific job-worker situation[,]" that "training may be acquired in a school, work, military, institutional, or vocational environment." *DOT*, App. C, § II, 1991 WL 688702.

Consistent with that definition, the commissioner's Program Operations Manual System (POMS) describes the *DOT*'s SVP rating information as "a guideline to help determine how long

---

[2] The ALJ's description of the motor vehicle dispatcher job as having an SVP level of 3 rather than 5 most fairly is characterized as a scrivener's error. The ALJ made clear at hearing that she was inquiring about the job relied on by the DDS, *see* Record at 75-76, and referred to it in her Step 4 finding by its correct *DOT* number, *see* Finding 6, *id*. at 21. In any event, I conclude, for the reasons discussed below, that there is no reversible error in the finding that the plaintiff could perform that job.

7

it would generally take to learn a particular job[,]" POMS § DI 25005.015(D), directing ALJs to "[c]onsider the claimant's education when evaluating whether the claimant did the job long enough to learn it[,]" *id*. § DI 25001.001(A)(77). The POMS instructs that, "[p]er the Department of Labor, a 4-year college degree is equal to 2 years of SVP" and "[e]ach year of graduate school is equal to 1 year of SVP[,]" providing the following example:

> A registered nurse (RN) has an SVP of seven, which means that a claimant can learn this job in about 2-4 years. If the nurse has a 4 year college degree, which counts for 2 years of SVP, and 2 years of nursing experience, the adjudicator would determine that the claimant did the job long enough to learn it unless there was evidence to the contrary.

*Id*.; *see also, e.g.*, SSR 82-62, 1982 WL 31386, at *2 (describing the length of time it takes "for [a] worker to have learned the techniques, acquired information, and developed the facility needed for average performance in the job situation" as "depend[ing] on the nature and complexity of the work").

The plaintiff testified at hearing that he worked as a motor vehicle dispatcher for "about nine months to a year." Record at 80. He points out, on appeal, that this was an overestimate attributable to fading memory: he indicated in his 2012 Work History Report that he had worked in that job from August 2009 to January 2010. *See* Statement of Errors at 7; Record at 288, 290. Nonetheless, even assuming, *arguendo*, that the plaintiff performed the motor vehicle dispatcher job for only 18.1 weeks, or roughly four-and-a-half months, he fails to show reversible error in the ALJ's finding that he performed the job long enough for it to qualify as past relevant work.

As the commissioner points out, *see* Opposition at 6, the plaintiff received a "Bachelor's degree in Business Administration with an Associate's degree in Computer Science[,]" Record at 1080, equating to "4 or more years of college[,]" *id*. at 246, and previously worked as a computer repair technician, *see id*. at 40, 288, which the VE testified was skilled SVP level 7 work, *see id*.

8

at 74, and an assistant manager at the fast food restaurant KFC, *see id.* at 39, 488, which the VE testified was semi-skilled SVP level 5 work, *see id.* at 74. As the commissioner observes, *see* Opposition at 6, the plaintiff's educational background alone equates to two years of SVP, *see* POMS § DI 25001.001(A)(77). In view of the plaintiff's educational and work background and his four to six months employed as a motor vehicle dispatcher, the plaintiff presumptively performed that SVP level 5 job long enough to learn it. The plaintiff, who bears the burden of proving his inability to return to past relevant work, *see Gray*, 760 F.2d at 372, identifies no evidence to the contrary.[3]

Remand, accordingly, is unwarranted based on this point of error.

## II. Conclusion

For the foregoing reasons, I recommend that the commissioner's decision be **AFFIRMED**.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum and request for oral argument before the district judge, if any is sought, within fourteen (14) days after being served with a copy thereof. A responsive memorandum and any request for*

---

[3] At oral argument, the plaintiff's counsel posited that the plaintiff's layoff from the motor vehicle dispatcher job, followed by his reemployment at an SVP level 3 job, might well indicate that could not understand or perform the motor vehicle dispatcher job. This speculation cuts against, rather than in favor of, the plaintiff, who bears the burden at Step 4 of proving his inability to return to past relevant work. The plaintiff's counsel also objected that the commissioner's argument that the plaintiff's education and work history evidenced his ability to work at an SVP 5 level job was a *post hoc* rationalization, the ALJ never having addressed the issue. I am unpersuaded. "Pursuant to the rule of *SEC v. Chenery Corp.*, 332 U.S. 194 (1947), a reviewing court cannot affirm an agency's decision on the basis of a *post hoc* rationalization but must affirm, if at all, on the basis of a rationale actually articulated by the agency decision-maker." *Day v. Astrue*, No. 1:12-cv-141-DBH, 2012 WL 6913439, at *10 (D. Me. Dec. 30, 2012) (rec. dec., *aff'd* Jan. 18, 2013) (citation and internal quotation marks omitted). As counsel for the commissioner noted, the rationale that the plaintiff could return to the job of motor vehicle dispatcher because he had performed the job "long enough . . . to achieve average performance" *was* articulated by the decision-maker: the ALJ. Record at 21. The commissioner merely identified evidence and cited authority in defense of that rationale.

*oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to <u>de</u> <u>novo</u> review by the district court and to appeal the district court's order.*

Dated this 20th day of June, 2021.

                                            <u>/s/ John H. Rich III</u>
                                            John H. Rich III
                                            United States Magistrate Judge